**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
Judge Robert E. Blackburn**

Criminal Action No. 14-cr-00027-REB

UNITED STATES OF AMERICA,

    Plaintiff,

v.

1. MINH THONG,

    Defendant.

**NO CONTACT ORDER (UNRESTRICTED)**

**Blackburn, J.**

    The matter is before the Court on the Government's **Restricted Motion For Order of No Contact** [#18][1] filed March 26, 2014, seeking the entry of a no contact order. On the relevant record the Court enters the following findings and order.

    1.    The parties acknowledge that due to the nature of the charges, the privacy protection measures set forth below and afforded under the Child Victims' and Child Witnesses' Rights Act and Crime Victims' Rights Act (the "Act"), 18 U.S.C. §§ 3509 and 3771, apply to this case.

    2.    Based on the facts before it, the Court finds that it is necessary that Defendant have no contact with the minor victims and witnesses in this case for the pendency of this case. Additionally, the Defendant is ordered to have no contact with minor victims and witnesses in this case who are adults or become adults

---

[1] "[#18]" is an example of the convention I use to identify the docket number assigned to a specific paper by the court's case management and electronic case filing system (CM/ECF). I use this convention throughout this order.

during the pendency of this case for the pendency of this case.

3.     The Court finds that any contact between the Defendant and any minor victims and witnesses, could, at the very least, persuade or influence their potential future testimony, even if unintentional.  Such contact could also result in emotional harm to the minor victims and witnesses.

4.     The Court also finds that any contact between the Defendant and any minor victims and witnesses who are now adults or who become adults during the pendency of this case, could, at the very least, persuade or influence their potential future testimony, even if unintentional.  Additionally, the Court finds that identifying individuals who were victimized by the Defendant as minors but who are now adults or who become adults during the pendency of this case could result in emotional harm.

**THEREFORE, IT IS ORDERED** as follows:

1. That the Government's **Restricted Motion For Order of No Contact** [#18] filed March 26, 2014, is **GRANTED**;

2. That the Defendant is prohibited from contacting either directly or indirectly by telephone, e-mail, mail, or by any other means, including through friends, family members, or others, any minors who are the victims and witnesses to the crimes charged in the Indictment;

3. That for similar reasons, the Defendant is also prohibited from having any contact, either directly or indirectly, by telephone, e-mail, mail, or by any other means, including through friends, family members, or others, with individuals who were victimized by the Defendant as minors but who are now adults or who become adults during the pendency of this case;

    4.  That the privacy protection measures ordered in the **Protective Order** [#15] issued by the Court on February 15, 2014, be extended to individuals who were victimized by the Defendant as minors but who are now adults or become adults during the pendency of this case; and

    5.  That counsel for the Defendant is ordered to serve the Defendant with a copy of this Order.

Dated March 26, 2014, at Denver, Colorado.

                              **BY THE COURT:**

*[Signature: Bob Blackburn]*
Robert E. Blackburn
United States District Judge